**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FLORENCE SELVIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| | ) | |
| **v.** | ) | **No. 2:15-cv-00316-GP** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES LLC, and X, Y, Z Corporations** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff and for Defendant Equifax Information Services LLC conferred on March ___, 2125 and submit the following Report of their meeting for the Court's consideration.[1]

## I. DISCUSSION OF CLAIMS, DEFENSES AND RELEVANT ISSUES

### A. Plaintiff's Position:

Plaintiff believes that Defendant violated the FCRA by failing to disclose the telephone numbers to Plaintiff for various entities that had accessed Plaintiff's Equifax consumer report within 365 days of the request.

### B. Defendant's Position:

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled

---

1 X, Y, Z Corporations were never served with process in the action, have not appeared in this action and, as such, are not parties to this action.

to any of the relief sought in his Complaint. Equifax denies that Plaintiff is entitled to punitive damages in this action.

## II. INFORMAL DISCLOSURES

The parties have agreed to exchange Rule 26(a) Initial Disclosures within 7 days after the Rule 16 Conference of March 9, 2015.

## III. FORMAL DISCOVERY

The parties agree to a discovery deadline of not more than 180 days from the date of the Rule 16 Pre-Trial Conference. The parties intend to exchange twenty-five (25) Interrogatories as well as Requests for Production of Documents and Requests for Admission. The parties further intend to conduct depositions, after the written discovery has been responded to, of the Plaintiff, and a Corporate Designee for Defendant.

It is the parties' position that any and all electronically stored information must be preserved as important and irreplaceable discovery and/or evidentiary material. The parties have agreed and advised their clients to preserve all information relevant to the instant matter on computer systems, removable electronic media and other locations.

## IV. ELECTRONIC DISCOVERY

The parties have agreed to exchange electronic discovery in the form of paper print-outs of those electronic documents and storage media preserved and relevant to the events and causes of action described in Plaintiff's Complaint. This would include paper print-outs of electronically stored information to be used to support claims or defenses in the instant case. The parties have agreed that paper print-outs may be produced on portable hard drives.

## V. EXPERT WITNESS DISCLOSURES

The parties do not anticipate they will be using expert witness testimony to support their

claims or defenses in the instant matter.

## VI. Early Settlement or Resolution

The parties have agreed to mediate the instant matter. As such, the parties have no objection to the matter being assigned to mediation either by this Court's assigned Magistrate Judge or for designation by the ADR Coordinator of mediators from the Mediators List to conduct the mediation in the case. The parties are familiar with the mediation process and general rules as recited in Local Rule 53.3.

## VII. Trial

The parties do not request a date certain for trial.

## VIII. Other Matters

Not applicable

/s/ Vicki Piontek Dated: March 5, 2015
Vicki Piontek., Esquire
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

/s/ John C. McNamara Dated: March 3, 2015
John C. McNamara, Esquire
PA Atty I.D. No. 17875
Christie Sullivan & Young PC
1880 JFK Boulevard - Tenth Floor
Philadelphia, PA 19103
Ph: 215 587 1663/1600
jcmcnamara@christiesullivanyoung.com
Attorneys for Equifax Information Services LLC